UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
LIONEL WILLIAMS,                                                    :
                                                                    :
Petitioner,                                                         :         OPINION AND ORDER
                                                                    :
        -against-                                                 :
                                                                    :         25 Civ. 6116 (NSR)(JCM)
DONALD J. UHLER, SUPERINTENDENT,                                    :
N.Y.S. D.O.C.C.S.,                                                 :
                                                                    :
Respondent.                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/2026

**NELSON S. ROMÁN, United States District Judge:**

Petitioner Lionel Williams ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 17, 2025, challenging his conviction in New York State Supreme Court, Orange County, for attempted rape in the first degree and two counts of tampering with physical evidence. (Pet., ECF No. 1.) Respondent opposed the petition. (ECF Nos. 16–17.) Petitioner filed a reply. (ECF No. 19.)

This matter was referred to Magistrate Judge Judith C. McCarthy ("Judge McCarthy") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation. (ECF No. 10.) On May 29, 2026, Judge McCarthy issued a Report and Recommendation recommending that the petition be denied and this action dismissed. (R&R, ECF No. 24.) For the following reasons, the Court adopts the R&R in its entirety

**FACTUAL BACKGROUND**

The Court assumes familiarity with the underlying facts and procedural history, which are set forth in detail in the R&R, and summarizes only those facts necessary to resolve the petition.

1

On or about September 17, 2018, Petitioner arranged to meet the victim, identified as A.W., near a bowling alley in Port Jervis, New York. (R&R at 1–2.) Prior to the incident, Petitioner and A.W. were familiar with one another but had not previously spent time together. (*Id*. at 2.) After initially agreeing to meet, Petitioner later told A.W. to go home. (*Id*.) As A.W. walked home, Petitioner approached her from behind, placed her in a headlock, and dragged her down a wooded embankment. (*Id*.) Petitioner removed several pieces of A.W.'s clothing, took her cellphone, covered her face and eyes with her shirt, and made several unsuccessful attempts to penetrate her before returning her clothing and leaving. (*Id*. at 2–3.)

The following day, A.W. reported the incident to the police. (*Id*. at 3–4.) During the investigation, law enforcement reviewed messages between A.W. and Petitioner, obtained a search warrant for Petitioner's apartment, and questioned Petitioner. (*Id*. at 4–6.) Petitioner was arrested after being questioned and making inculpatory statements about the incident. (*Id*. at 5–6.) Before trial, Petitioner moved to suppress his statements to law enforcement, arguing that they were involuntary and obtained in violation of his rights. (*Id*. at 8.) The trial court denied suppression, finding that Petitioner was not in custody when the statements were made and that, before any questioning, Petitioner was advised of and knowingly, intelligently, and voluntarily waived his Miranda rights. (*Id*.) At trial, the prosecution introduced A.W.'s testimony and Petitioner's statements to law enforcement. (*Id*. at 8–9.) Petitioner testified in his own defense and claimed that he made false statements to the police because he felt threatened by them. (*Id*. at 8–9.)

Petitioner was convicted of one count of attempted rape in the first degree and two counts of tampering with physical evidence. (*Id*. at 9.) Specifically, the jury found Petitioner guilty of Count Three, attempted rape in the first degree, and Counts Seven and Eight, tampering with physical evidence relating to Petitioner's cellphone messages and clothing. (*Id*.) Petitioner was

acquitted of the remaining charges. (*Id*.) Petitioner was sentenced to fifteen years' imprisonment with twenty years of post-release supervision on the attempted rape conviction, as well as consecutive indeterminate terms of one and one-half to three years on each tampering conviction. (*Id*.)

Petitioner appealed, arguing, among other things, that Count Three was multiplicitous, that the evidence was legally insufficient, and that the verdict was against the weight of the evidence. (*Id*. at 9–10.) The Appellate Division affirmed the conviction and sentence. *People v. Williams*, 214 A.D.3d 828 (2d Dep't 2023). Although the Appellate Division concluded that the attempted rape counts were multiplicitous because they arose from a single, uninterrupted incident, it held that the issue had been rendered academic because Petitioner was convicted of only one attempted rape count. *Id*. at 829. The New York Court of Appeals denied leave to appeal. People v. Williams, 39 N.Y.3d 1158 (2023).

In October 2023, Petitioner filed a petition for a writ of error *coram nobis*, asserting ineffective assistance of appellate counsel. (R&R at 10.) Petitioner argued that appellate counsel was ineffective for failing to challenge the denial of his suppression motion. (*Id*.) In April 2025, the Appellate Division denied that petition. *People v. Williams*, 237 A.D.3d 980 (2d Dep't 2025). There is no indication that Petitioner sought leave to appeal that decision to the New York Court of Appeals. (R&R at 10.)

Petitioner then commenced this habeas proceeding. (*Id*. at 10–11.) He asserts two grounds for relief: (1) the indictment contained multiple counts in violation of his state and federal constitutional rights; and (2) he was denied effective assistance of appellate counsel. (*Id*. at 10–11; Pet. at 5–8.)

**STANDARD OF REVIEW**

## I.    Report & Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those portions are reviewed de novo. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  In a de novo review, a district court must consider the "[r]eport, the record,

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, No. 04 CIV. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04 CIV.5066 HB FM, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03 CIV 1446 LTS HBP, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), *aff'd*, 308 F. App'x 560 (2d Cir. 2009).

## II.    Writ of Habeas Corpus

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"); *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  28 U.S.C. § 2254 provides in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Habeas review is an extraordinary remedy" and is not a substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). When a federal court reaches the merits of a habeas petition, AEDPA prescribes a "highly deferential" standard for reviewing state court rulings. *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

"Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254." *Visich v. Walsh*, No. 10 Civ. 4160 (ER)(PED), 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). Such procedural requirement includes the exhaustion of claims in state court. 28 U.S.C. § 2254(b)(1)(A). A writ may be denied on the merits, notwithstanding the failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2); *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001) An "adjudicated on the merits" has been interpreted to mean that a state court has made a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (internal citations omitted). A federal petition which challenges a state conviction based upon a court decision which rest upon a "state-law ground," independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

## DISCUSSION

Judge McCarthy issued the R&R on May 29, 2026. (*See generally* R&R.)The parties had until June 17, 2026, to file objections. No objections were filed. Accordingly, the Court reviews the R&R for clear error. *Harris*, 2008 WL 772568, at *6.

Having reviewed the R&R and the record, the Court finds no clear error. The R&R carefully considered Petitioner's claims and correctly found that neither warrants habeas relief.

First, Petitioner argues that the indictment was defective because it charged multiple counts of attempted rape arising from the same incident. (R&R at 9.) Judge McCarthy concluded that this claim was barred from habeas review because the Appellate Division rejected it on an adequate

and independent state procedural ground. (*Id.* at 19–20.) Judge McCarthy further determined that, even assuming the claim were reviewable, it was moot because Petitioner was convicted of only one attempted rape count and acquitted of the remaining attempted rape counts. (*Id.* at 20–22.) Accordingly, this claim does not provide a basis for habeas relief.

Second, Petitioner argues that he received ineffective assistance of appellate counsel. (R&R at 23.) To prevail on an ineffective assistance claim, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To establish prejudice, the petitioner must demonstrate a "reasonable probability" that, but for counsel's alleged errors, the result of the proceeding would have been different. *Id*. at 694.

The R&R found that Petitioner failed to make that showing. (R&R at 27.) It also determined that the claim was unexhausted because, after the Appellate Division denied Petitioner's *coram nobis* application, Petitioner did not seek leave to appeal that decision to the New York Court of Appeals. (*Id.* at 24–25.) The R&R further determined that, even if the claim had been exhausted, Petitioner failed to satisfy either prong of *Strickland*. (*Id.* at 24-27.) The suppression argument Petitioner faults appellate counsel for omitting had already been rejected by the trial court, which found that Petitioner was not in custody when he made the statements and that, in any event, he knowingly, intelligently, and voluntarily waived his Miranda rights. (*Id.* at 25–27.) Accordingly, Judge McCarthy concluded that appellate counsel was not ineffective for failing to raise that issue and that Petitioner failed to establish prejudice. (*Id.* at 28.) The Court finds no clear error in that conclusion.

Accordingly, the Court adopts the R&R in its entirety.

## CONCLUSION

Upon review of the R&R, the Court finds no clear error on the face of the record. Accordingly, the Court adopts Judge McCarthy's R&R in its entirety. The petition for a writ of habeas corpus is DENIED, and this action is DISMISSED.

Because Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of an appeal.

The Clerk of Court is respectfully directed to close this case. The Clerk of Court is further directed to mail a copy of this Opinion and Order to pro se Petitioner at the address listed on ECF and to show service on the docket.

Dated: June 18, 2026
        White Plains, New York

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge

8